**UNITED STATES of America,**
**Libellant,**

**v.**

**$1,845.00 IN UNITED STATES CURREN-**
**CY and One 1963 Dodge Coupe,**
**Serial No. 5133–172930.**

United States District Court
S. D. New York.

Jan. 27, 1965.

Robert M. Morgenthau, U. S. Atty. for So. Dist. New York, proctor for libellant, by Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

Dorsey, Burke & Griffin, New York City, proctors for claimant-respondent, by William T. Griffin, New York City.

BONSAL, District Judge.

The Government has instituted a libel against $1,845.00 in United States currency and one 1963 Dodge Coupe. Claimant, Ralph Conti, has filed a claim seeking the return of the property, asserting that this property was seized from him illegally on January 22, 1964. The Government served a notice on the claimant to take his deposition on January 7, 1964 (presumably 1965 was intended). In response, claimant has moved for an order directing that his deposition shall not be taken, or, if taken, shall be taken under the protection of Admiralty Rule 30. The Government opposes claimant's motion and has moved for a stay of all further

proceedings in the libel action pending the completion of contemplated criminal proceedings against the claimant.

It appears that the claimant was arrested under a complaint charging him with gambling, and that his car and the currency were seized pursuant to a warrant at or about the time of his arrest. The criminal complaint is still pending.

In this libel proceeding claimant filed a note of issue on December 17, 1964, and on December 21 the Government served its notice to take claimant's deposition on January 7, 1964 (presumably 1965 was intended). It also appears that the Government objected to claimant's note of issue on the ground that claimant, by invoking his rights under the Fifth Amendment and by claiming the protection of Admiralty Rule 30, was seeking to frustrate the Government's right to pre-trial discovery in the libel action. Claimant counters by asserting that the Government has not as yet pressed the criminal complaint and may not do so, and that the criminal complaint is merely a pretext to deny him his day in court in the libel proceeding and the return of his money and the automobile.

The Court finds nothing in Admiralty Rule 30 which denies the Government the right to take the deposition of the claimant. He may appear at the deposition with his lawyer and will be entitled to assert his Fifth Amendment privilege or any claim that the responses requested are sought by the Government for the purpose of discovery in the criminal action, if he is so advised. Claimant's reliance on U. S. A. v. $4,319.69 United States Currency (A 196–319) is misplaced. That case related to answers to interrogatories and not to a deposition before trial.

On this state of the record there would appear to be no basis for granting the Government's motion for a stay of all proceedings in the libel action pending determination of the criminal complaint if tried. Claimant is entitled to seek the return of the property which he claims was improperly seized. If fur-

ther proceedings in the libel action indicate that either the Government or the claimant is merely using it for discovery purposes in the criminal action, the aggrieved party may move for appropriate relief.

Accordingly, claimant's motion and the Government's motion are both denied, and the deposition noticed by the Government will be taken under Admiralty Rule 30, at such time and place as counsel may agree upon, or, in the absence of agreement, such deposition will be taken on Wednesday, February 10, 1965 at 2 p. m. in Room 337, United States Court House, Foley Square, New York, N. Y.

Settle order on notice.